Katrina Carroll
kcarroll@carlsonlynch.com
Bar No. 026212000
Edward W. Ciolko
eciolko@carlsonlynch.com
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) (412) 322-9243
(f) (412) 231-0246

*Attorneys for Plaintiff and Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAHARA LOGAN, on behalf of herself and all others similarly situated, | ) )  ) No. ) |
| Plaintiff, | ) ) |
| v. | ) ) **Filed Electronically** ) |
| P.R.B.A. CORP. d/b/a BARE EXPOSURE, | ) ) ) ) |
| Defendant. | ) |

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Sahara Logan, on behalf of herself and all others similarly situated, alleges as follows:

### I.     LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

Sahara Logan
5237 Wakefield Street
Philadelphia, PA 19144

P.R.B.A. Corp. d/b/a Bare Exposure
2303 Pacific Ave
Atlantic City, NY 08401

## II.     INTRODUCTION

2. Plaintiff brings this claim individually and on behalf of all black/African-American dancers similarly situated, seeking relief from systemic discriminatory employment practices by Defendant P.R.B.A. Corp d/b/a Bare Exposure in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended.

3. Defendant has intentionally created and maintained a culture that is hostile towards its black/African-American employees, including its dancers.

4. This hostility is displayed through manifest discrimination in the hiring and termination of its employees, as well as its failure to hire black/African-American individuals to work at the club as dancers.

5. While Plaintiff was employed at the club, Defendant subjected her and other black/African-American dancers to discriminatory treatment, including but not limited to heightened scrutiny and unequal working conditions.

6. Defendant further discriminated against Plaintiff by refusing to rehire her because of her race.

## III.  JURISIDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

8. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## IV.  ADMINISTRATIVE PROCEEDINGS

9. Defendant is engaged in an industry affecting commerce and employs more than 15 individuals.

10. Plaintiff filed a Charge of Discrimination alleging Race discrimination on November 29, 2018 with the Equal Employment Opportunity Commission (the "EEOC"). Attached as Exhibit 1.

11. On March 21, 2019, the EEOC issued a Notice of Right to Sue. Attached as Exhibit 2.

12. On May 28, 2019, Plaintiff filed an Amended Charge of Discrimination by mail and facsimile, adding a charge of retaliation and class allegations. Attached as Exhibit 3.[1]

## V.  PARTIES

---

[1] Plaintiff will keep the Court apprised of this Amended Claim and if a Notice to Sue is again issued by EEOC, so that the parties and Court might work to best integrate additional claims of Plaintiff and any additional proposed classes/subclasses into this pleading.

3

13. Plaintiff Sahara Logan is a resident and citizen of the State of Pennsylvania who was employed by Defendant as a "dancer" at the Bare Exposure Club at 2303 Pacific Ave., in Atlantic City, New Jersey, from July 2016 and working at various times until approximately August 2017. She reapplied for a position in August 2018 but was denied employment based on her race.

14. Defendant P.R.B.A. Corp. d/b/a Bare Exposure is a New Jersey corporation with its principal place of business located in Atlantic City, New Jersey. Upon information and belief, Defendant P.R.B.A. Corp. owns and operates the Bare Exposure club located at 2303 Pacific Ave., Atlantic City, New Jersey.

## VI.   FACTUAL ALLEGATIONS

15. Defendant has engaged in unlawful employment practices at the Bare Exposure club, in violation of Section 703(a)(1)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1)(2), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

16. Plaintiff began working for Defendant in or around July 2016.

17. While Plaintiff was employed[2] at the club, out of approximately 100 dancers employed at any one time, there were never more than six black/African-American Dancers.

---

[2] Defendant misclassified Plaintiff and other dancers as independent contractors. The question of employment status is being litigated in this district, Case No. 1:18-cv-16977.

4

18. The club regularly treats black/African-American dancers differently from white dancers, including, but not limited to, the following ways:

    a. Defendant would exercise more severe discipline against black/African-American dancers than against white dancers. By way of example, on one occasion, Plaintiff arrived at the club approximately fifteen minutes after the cutoff for performing. Plaintiff was sent home and not permitted to perform, but a white dancer, who had been on the same bus as Plaintiff and arrived at the same time, was not sent home.

    b. Defendant subjected black/African-American dancers to greater scrutiny than white dancers regarding their break periods:

        i. If a black/African-American dancer did not return from a meal break within thirty minutes of going on break, she would be sent home or even fired. White dancers' meal breaks were not strictly monitored and oftentimes would last longer than thirty minutes;

        ii. The club had a rule forbidding more than four dancers going outside for a cigarette at one time. If the black/African-American dancers at the club went outside to smoke at the same time, management would harass them to hurry up and get back inside. On more than one occasion, Plaintiff witnessed at least

  six white Dancers outside the club. The white Dancers were outside for an extended period of time and were not harassed by Defendant.

19. Defendant's hostility towards black/African-American individuals even manifested itself in its treatment of its black/African-American customers:

  a. If Plaintiff or another black/African-American dancer was performing a lap dance for a black/African-American customer, management for Defendant would hover nearby, scolding the customer "No touching!" and strictly enforcing the time limit for the dance. By contrast, if a dancer was performing for a white customer, management would permit more touching and would not strictly enforce the dance time limit.

  b. If a group of black/African-American men entered the club, management for the club would immediately begin making comments such as "Watch them, they look like they're trouble."

  c. If a black/African-American dancer approached a group of customers, the majority of whom were black/African-American, management would quickly approach the group and tell the dancer that the size of the crowd was too large and they were blocking the walkways for other customers.

## VII. CLASS ALLEGATIONS

20. Plaintiff sues on her own behalf and on behalf of a class of persons pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3).

21. Plaintiff brings Count I of the complaint on behalf of a Class, defined as all black/African-American individuals who Defendant refused to hire as a dancer for the entirety of the class period.

22. Upon information and belief, the members of the Class are so numerous that joinder of all members is impracticable.

23. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, appropriate.

24. The claims of Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff and the members of the Class applied to work at the Bare Exposure Club and were not hired.

25. Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. Whether Defendant has refused to hire Plaintiff and the Class members due to their race;

b. Whether Defendant's conduct alleged in this complaint violates Title VII of the Civil Rights Act of 1964, as amended;

c. Whether Defendant has intentionally carried out racially discriminatory policies and practices alleged in this complaint;

d. Whether Plaintiff and members of the Class are entitled to back pay, and if so, in what amounts;

e. Whether Plaintiff and the members of the Class have sustained damages, and, if so, in what amounts; and

f. Whether Defendant's current policies and practices affecting Plaintiff and members of the Class should be eliminated and replaced by new policies and practices, and, if so, which ones.

26. Plaintiff and Class counsel will fairly and adequately protect the interests of the class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action.

### VIII. CLAIMS OF NAMED PLAINTIFF

29. In or around August 2017, Plaintiff was dancing at the club and following the regular rotation: first stage, second stage, main stage, Sky Box.

30. Patrons of the club pay an additional fee to use the Sky Box.

31. When Plaintiff arrived for her set in the Sky Box, the customer in the room asked the manager on duty to remove Plaintiff, saying she "did not want to pay for black/African-American Dancers."

32. The club ratified this patron's conduct and removed Plaintiff from the Sky Box, humiliating her.

33. When Plaintiff attempted to speak about this conduct with her manager, Doug (last name unknown), she was disregarded and removed from the schedule.

34. When Plaintiff attempted to return to work in August 2018, she was told there was no record of her previous employment and she would have to start the hiring process, including auditioning, from the beginning.

35. Defendant refused to rehire Plaintiff.

### COUNT I: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. This Count is brought on behalf of Plaintiff and all members of the Class.

38. Defendant has discriminated against Plaintiff and members of the Class in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, by failing to hire black/African-American applicants.

39. In the employment practices described above, Defendant intentionally engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff the members of the Class, entitling Plaintiff and the members of the Class to punitive damages.

40. As a result of Defendant's conduct alleged in this complaint, Plaintiff and the members of the Class have suffered and continue to suffer harm, including by not limited to lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

41. By reason of Defendant's discrimination, Plaintiff and members of the Class are entitled to all legal and equitable remedies available for violations of 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, including an award of punitive damages.

42. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

**COUNT II: RETALITION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**
**(On Behalf of Plaintiff Sahara Logan)**

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. This claim is brought by Plaintiff Logan individually. Plaintiff has timely filed a charge with the EEOC alleging retaliation claims and has exhausted her administrative remedies.

45. Plaintiff engaged in protected activities, including making internal informal complaints of unlawful discrimination.

46. Defendant took an adverse action against Plaintiff with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff suffered damages as a result of that conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for relief as follows:

    a. Certification of the case as a class action on behalf of the proposed Class;

    b. Designation of Representative Plaintiff Logan as representative of the Class;

    c. Designation of Representative Plaintiff's counsel of record as Class Counsel;

    d. A declaratory judgment that the practices complaint of herein are unlawful and violate 42 U.S.C. §§ 2000e, *et seq.*;

    e. A preliminary and permanent injunction against P.R.B.A. Corp. d/b/a Bare Exposure and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff or the Class because of their gender of participation in this lawsuit;

    f. An order that P.R.B.A. Corp. d/b/a Bare Exposure institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of race, and that it eradicate the effects of its past and present unlawful employment practices;

    g. An order appointing a monitor to ensure that P.R.B.A. Corp. d/b/a Bare Exposure complies with the injunction provisions of any decree that the Court orders;

    h. An order retaining jurisdiction over this action to ensure that P.R.B.A. Corp. d/b/a Bare Exposure complies with such a decree;

    i. An order for front pay and/or requiring P.R.B.A. Corp. d/b/a Bare Exposure to offer employment to Representative Plaintiff and members of the Class;

j. Back pay (including interest) for the Representative Plaintiff and members of the class;

k. All damages sustained as a result of P.R.B.A. Corp. d/b/a Bare Exposure's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

l. Exemplary and punitive damages in an amount commensurate with P.R.B.A. Corp. d/b/a/ Bare Exposure's ability to pay and to deter future conduct;

m. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law; Pre-judgment and post-judgment interest, as provided by law; and

n. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: June 19, 2019

*/s/ Katrina Carroll*
Katrina Carroll
kcarroll@carlsonlynch.com
Edward W. Ciolko
eciolko@carlsonlynch.com
**CARLSON LYNCH LLP**

1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) (412) 322-9243
(f) (412) 231-0246


*Attorney for Plaintiff and Putative Class*